IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-17-BO-RJ

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATTERSON CAPITAL INVESTMENTS )<br>LLC d/b/a TIME OUT TAVERN, )<br>THOMAS W. PATTERSON, PATRICIA )<br>W. PATTERSON, )<br>Defendants. ) | ORDER |

This cause comes before the Court on defendants' motions to dismiss plaintiff's original and amended complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for ruling. For the reasons that follow, defendants' motion to dismiss the original complaint is denied as moot and defendants' motion to dismiss the amended complaint is granted in part and denied in part.

## BACKGROUND

Plaintiff held exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 246: Conor McGregor vs. Donald Cerrone*, including all undercard bouts and commentary, which was telecast nationwide on January 18, 2020 (hereinafter *UFC 246*). Plaintiff also held exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 247: Jon Jones v. Dominick Reyes*, including all undercard bouts and commentary, which was telecast nationwide on February 8, 2020 (hereinafter *UFC 247*). In its amended complaint, plaintiff alleges that defendants, without authorization, license, or permission

from plaintiff, exhibited both programs to the patrons of Time Out Tavern, in Newport, North Carolina.

Plaintiff brings claims against defendants under the Communications Act of 1934 (hereinafter Communications Act), as amended, for violation of 47 U.S.C. § 553, and alternatively for violation of 47 U.S.C. § 605. Defendants have moved to dismiss all claims pursuant to Rule 12(b)(6).

## DISCUSSION

At the outset, because an amended complaint has been filed, defendants' motion to dismiss the original complaint [DE 13] is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Sections 553 and 605 of the Communication Act "address different modalities of so-called "cable theft."" *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 588 (D. Md.

2

2012). Section 553 prohibits interception or receipt of "any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 provides that "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Though section 605(a) expressly references radio communications, it "has been interpreted to prohibit the theft of scrambled satellite communications and cable television services." *That's Ent., Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 999 (D. Md. 1993). "Title 47 U.S.C. § 605 imposes strict liability for violations." *J & J Sports Prods., Inc. v. Jorkay, LLC*, No. 5:10-CV-542-D, 2013 WL 2629461, at *2 (E.D.N.C. June 11, 2013).

Defendants first seek to dismiss plaintiff's claims against Thomas and Patricia Patterson, individually. The Court agrees with defendants that the amended complaint makes no distinction between the individual defendants and the corporate entity, merely referring collectively throughout to "defendants." Aside from allegations to support residency and generally stating that the Pattersons were officers or owners of the entity which owns and operates Time Out Tavern and had the right and ability to supervise the activities of the Time Out Tavern, there are no specific allegations against either individual defendant. As such, plaintiff has failed to state a claim for relief against them and these claims are properly dismissed. *See J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d at 592; *see also Boykin Anchor Co. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2011 WL 1456388, at *4 (E.D.N.C. 2011) ("plaintiff cannot rely on bare allegations relating to conduct of 'all defendants' to hold [a particular defendant] liable, but must identify specific acts or conduct taken by each defendant to state a claim.").

3

Defendants further argue that the statute of limitations bars plaintiff's claims as to the *UFC 246* broadcast, that plaintiff has failed to sufficiently allege a violation of the Communications Act under either §§ 605 or 553, and finally that plaintiff's claims are barred by estoppel or laches. In support of their arguments for and against dismissal, both plaintiff and defendants rely on documents extrinsic to the complaint. *See* [DE 17-1, 17-2, 17-3]; [DE 18-1]. A court may rely on documents outside the complaint without converting a motion to dismiss to one for summary judgment, so long as the documents are integral to the complaint and their authenticity is not contested. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012). Here, in light of the amount of extrinsic information relied upon by the parties, including a contested affidavit presented by plaintiff, the Court is disinclined to consider the remaining arguments in favor of dismissal at this stage. *Forshaw Indus., Inc. v. Insurco, Ltd.*, 2 F. Supp. 3d 772, 782 (W.D.N.C. 2014); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (2007) (affirmative defense that a complaint is barred by a statute of limitations generally not the basis of Rule 12(b)(6) dismissal); *In re Brin-Mont Chemicals, Inc.*, 154 B.R. 903, 907 (M.D.N.C. 1993) (laches should cut short a statute of limitations only in exceptional circumstances).

Having considered only the allegations in the complaint and treated them as true as it must at this stage, the Court determines that plaintiff has plausibly alleged that defendant Patterson Capital Investments violated section 553 or, alternatively, 605 of the Communications Act when it received and exhibited *UFC 246* and *UFC 247*. The motion to dismiss the claims against Patterson Capital Investments is therefore denied. Only a short period for discovery should be necessary, whereafter the parties may file motions for summary judgment.

4

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss the original complaint [DE 13] is DENIED AS MOOT and defendants' motion to dismiss the amended complaint [DE 16] is GRANTED IN PART and DENIED IN PART. The claims against defendants Thomas W. Patterson and Patricia Patterson are DISMISSED. Plaintiff's claims against defendant Patterson Capital Investments may proceed.

SO ORDERED, this 13 day of December 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE